**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

THEODORE PRICE,

                                              Petitioner,

    v.

                                              9:12-CV-1546

SUPERINTENDENT, Great Meadow               (DNH/ATB)
Correctional Facility,

                                              Respondent.

---

THEODORE PRICE, Petitioner pro se
PAUL B. LYONS, AAG, for Defendant

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

    This matter has been referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable David N. Hurd, United States District Judge.

    Presently before this court is a petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Petitioner's judgment of conviction was entered in New York Supreme Court, Onondaga County, on July 2, 2002, and was based on his guilty plea to 33 counts of Burglary in the Second Degree (N.Y.S. Penal Law § 140.25(2)). *People v. Price*, 309 A.D.2d 1259, 1259 (4th Dep't 2003). Petitioner was sentenced to 33 concurrent determinate terms of 15 years imprisonment, followed by 5 years of post-release supervision. (Cert. of Conviction A4-A5, Dkt. No. 11-1 at 7). October 2, 2003, the Appellate Division unanimously affirmed the judgment of conviction. *People v. Price*, 309 A.D.2d 1259 (4th Dep't

2003). On December 1, 2003, the New York Court of Appeals denied leave to appeal. *People v. Price*, 1 N.Y.3d 578 (2003).

Petitioner raises the following grounds in his petition:

1. His indictment was "jurisdictionally defective" because two of the burglary counts were not supported by petitioner's confession or were contradicted by "newly discovered evidence." (Pet. 3–4, Dkt. No. 1).

2. "[N]ewly discovered non-recorded evidence" invalidated counts 9 and 15 of the indictment. (Pet. 4, Dkt. No. 1).

3. Trial counsel was ineffective when he advised petitioner to plead guilty to all counts of the indictment. (Pet. 4–5, Dkt. No. 1).

4. Appellate counsel was ineffective. (Pet. 5–6, Dkt. No. 1).

Respondent argues that the petition should be dismissed as time-barred. (Def.'s Mem. of Law, Dkt. No. 9). Petitioner has filed a traverse. (Dkt. No. 16). This court agrees with respondent that this action is time-barred and will recommend denial of the petition.

## DISCUSSION

### I. Procedural History

Petitioner filed this application for habeas corpus relief on October 15, 2012. (Dkt. No. 1). The petition was dated October 12, 2012, and postmarked October 12, 2012. (Dkt. No. 1 at 7; Dkt. No. 1-2). On October 22, 2012, this court ordered service of the petition and an answer from the respondent. (Dkt. No. 4). This order discussed the possibility that the one-year statute of limitations for habeas corpus applications

2

had run but noted that it would await the respondent's answer for a proper analysis. (*Id.*). On February 29, 2013, respondent filed his answer and memorandum of law, and on May 22, 2013, petitioner filed his traverse. (Dkt. Nos. 9, 10, 16).

## II. Statute of Limitations

### A. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* § 2244(d)(1)(A). If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal.[1] *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001).

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was

---

[1] The ninety-day time period is the time that petitioner would have had to seek direct review of his conviction in the United States Supreme Court and must be counted for purposes of the AEDPA statute of limitations. *Williams v. Artuz*, 237 F.3d at 150–51 (discussing the statutory requirement that the statute of limitations begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review") (citing 28 U.S.C. § 2244(d)(1)(A)).

newly recognized *and* made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B), (C), and (D). In *Duncan v. Walker*, 533 U.S. 167, 179 (2001), the Supreme Court stated that this statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."

The AEDPA, provides that the one year limitations period will be tolled while a "properly filed" state court post-conviction motion is pending. 28 U.S.C. § 2244(d)(2). The tolling provision only applies if the post-conviction motion was "properly filed" and if it was pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.2d 13, 16 (2d Cir. 2000). Simply filing a post-conviction motion does not re-start the limitations period, and it excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120–21 (2d Cir. 1999), *affd*, 531 U.S. 4 (2000).

Although the AEDPA does not provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "rare and exceptional circumstances," the court may equitably toll the limitations period. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). The Second Circuit has also determined that courts should consider a claim of "actual innocence" as a basis for excusing late filing under the AEDPA. *See Rivas v. Fischer*, 687 F.3d 514, 548 (2d Cir. 2012).

**B.  Application**

**1.  Commencement Date**

The Appellate Division affirmed petitioner's judgment of conviction on October 2, 2003. *People v. Price*, 309 A.D.2d 1259 (4th Dep't 2003). The New York Court of Appeals denied leave to appeal on December 1, 2003. *People v. Price*, 1 N.Y.3d 578 (2003). Petitioner did not seek review in the United States Supreme Court, and thus the statute of limitations would begin to run 90 days later, on March 1, 2004. Petitioner would have had until March 1, 2005, to file a petition for habeas corpus relief in federal court. Petitioner signed his original petition on October 12, 2012, clearly more than one year after the statute began to run. The petition is, therefore, untimely unless it was tolled.

**2.  Tolling**

**a.  Statutory**

As stated above, the one-year statute of limitations may be tolled during the time in which petitioner has "properly" filed an application for state post-conviction or other collateral review with respect to the pertinent decision. 28 U.S.C. § 2244 (d)(2).

5

In this case, the statute of limitations began to run on March 1, 2004, and ran for 65 days, until petitioner filed his first pro se N.Y.S. C.P.L.R. § 440.10 motion ("440 motion") on May 5, 2004. The statute was tolled for 377 days until May 17, 2005, when the Appellate Division denied leave to appeal.[2] Plaintiff would then have had until March 13, 2006, to file a habeas petition.

The limitations period ran for an additional 4 days, until petitioner filed his second pro se 440 motion on May 21, 2005, and the statute was tolled for 364 days until April 20, 2006, when the Appellate Division denied leave to appeal. In addition, petitioner filed his pro se coram nobis petition with the Appellate Division while the second 440 motion was still pending. The Court of Appeals denied leave from the Appellate Division's denial of petitioner's coram nobis motion on September 14, 2006, tolling the statute for an additional 117 days. Thus, petitioner would then have had until July 7, 2007, to file a habeas petition.

Petitioner filed his third 440 motion on July 4, 2006, while his coram nobis motion was still pending. The statute was tolled an additional 1,777 days, until July 27, 2011, when the Court appeals denied leave from the Appellate Division's order affirming the denial of the 440 motion. Petitioner signed the instant petition after the

---

[2] Petitioner applied for leave to appeal the Appellate Division's decision to the Court of Appeals, but petitioner's application was dismissed "because the order . . . sought to be appealed is not appealable." *People v. Price*, 5 N.Y.3d 793 (2005); *see also* Dkt. No. 11-20. Because this leave application was not "properly filed," it did not toll the limitations period. 28 U.S.C. § 2244(d)(2).

limitations period had run an addition 443 days.³ This was almost five months after the statute had expired on May 18, 2012. Thus, this petition is time-barred unless equitable tolling applied to lengthen petitioner's time to file.

  **b.**  **Equitable**

Although the AEDPA does not specifically provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "rare and exceptional circumstances," the court may equitably toll the limitations period. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). In *Diaz*, the Second Circuit reaffirmed the availability of equitable tolling in the appropriate circumstances. *Id.*

Petitioner in this case cites no "rare and exceptional" circumstances that would justify tolling the statute of limitations. Petitioner has been well aware of his claims for many years. He was clearly able to file legal challenges, as demonstrated by the different motions related to his conviction. There is absolutely no indication that this court should apply equitable tolling to this case. Because neither statutory nor

---

  ³ The limitations period ran for a total of 512 days (65 plus 4 plus 443), which is 147 days beyond the one-year limit.

7

equitable tolling apply, this petition is barred by the statute of limitations, unless the actual innocence exception applies.

### 3. Actual Innocence

Petitioner has filed his traverse, in which he argues "Application of Actual Innocence Gateway to Time-Barred Claims." (Dkt. No. 16). In *Rivas*, the Second Circuit stated that in the context of a criminal conviction, an equitable exception to the AEDPA limitations period would be recognized when the petition has made a "credible and compelling showing of his actual innocence . . . ." 687 F.3d at 552. To demonstrate "actual innocence," a habeas petitioner must show that it is more likely than not that no reasonable juror would have convicted him, but for the alleged constitutional violation. *Murden v. Artuz*, 497 F.3d 178, 194 (2d Cir. 2007), *cert. denied sub nom. Murden v. Ercole*, 552 U.S. 1150 (2008); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner has not made any showing that no reasonable juror would have convicted him. Petitioner disputes only *two* of *thirty three* counts of burglary to which he pled guilty, and for which he is serving concurrent sentences. This is not a case in which the actual innocence exception would apply. Thus, the statute of limitations in this action has long run, and the petition should be dismissed.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED** as barred by the statute of limitations.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Dated: August 22, 2013

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge